IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ADRIAN R. KELLY,

   Petitioner,

vs.            CIVIL ACTION NO.:
              CV209-135

DEBORAH HICKEY, Warden,

   Respondent.

## ORDER

Petitioner Adrian Kelly ("Kelly") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that his sentence was improperly enhanced because he was wrongly determined to be an armed career criminal. On March 5, 2010, the Magistrate Judge recommended that Kelly's petition be dismissed for failing to satisfy § 2255's savings clause. Kelly filed an Objection and supplement stating that, based on the decision handed down by the Eleventh Circuit in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), he was convicted for a nonexistent offense. Gilbert was decided after the Magistrate Judge's Report was issued; it found that the holdings in Begay v. United States, 553 U.S. 137 (2008), and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), are retroactively applicable to cases on collateral review. Kelly contends that in the wake of Begay his prior convictions for grand theft auto, burglary, and carrying a

concealed firearm do not qualify as violent felonies under the Armed Career Criminal Act, and therefore, his enhanced sentence is invalid. (Doc. No. 1-2, p. 8).

As the record did not contain sufficient evidence of Kelly's criminal history for the Court to determine whether he was innocent of being an armed career criminal, Respondents were directed to supplement the record with documentation of Kelly's criminal history. Having been provided with that information, the undersigned turns to the merits of Kelly's petition.

The Armed Career Criminal Act imposes a stringent fifteen-year mandatory minimum sentence on an offender who has three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Acts of juvenile delinquency involving a violent felony count as convictions for purposes of § 924(e). 18 U.S.C. § 924(e)(2)(C).

A review of Kelly's presentence investigation report shows that he was convicted of at least three offenses which would constitute violent felonies as defined by the Armed Career Criminal Act. Kelly readily admits that his convictions for robbery with a weapon and sale of cocaine constitute crimes of violence as defined by § 924(e). (Doc. No. 1-2, p. 8). Kelly pled guilty to armed robbery in 1991 and to selling cocaine in 1998. (Doc. No. 25-1, pp. 9, 12). Kelly's presentence investigation report shows that he committed multiple acts of juvenile delinquency, including two burglaries in 1983 and

1985. Kelly also pled guilty to burglary of a structure in 1997. (Id. at p. 12). Burglary is specifically enumerated as a violent felony in § 924(e). Therefore, Kelly satisfies the Armed Career Criminal requirements of § 924(e).

Based on the foregoing, Kelly's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED**.

**SO ORDERED**, this 27 day of September, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA